Chandler v. Ossipee Mountain Estates  14-CV-072-SM  4/21/14
UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Bradford Chandler,
     Plaintiff

     v.                              Case No. 14-cv-072-SM
                                     Opinion No. 2014 DNH 078
Ossipee Mountain Estates,
     Defendant


**O R D E R**


Bradford Chandler, proceeding pro se and in forma pauperis, filed this civil action against Ossipee Mountain Estates.  His complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915(e)(2).


In his complaint, Mr. Chandler alleges that his home was "illegally foreclosed on" and he "was unlawfully evicted from [his] property" shortly before Christmas in 2013.  But, it gives no further detail, nor does it suggest why Chandler thinks the foreclosure might have been unlawful, or why his subsequent eviction was unlawful.  And, perhaps more importantly, there is no suggestion that this court might properly exercise subject matter jurisdiction over his claims.  That is to say, the complaint does not appear to invoke either this court's federal question or its diversity subject matter jurisdiction.  See generally 28 U.S.C. §§ 1331 and 1332.

For plaintiff's benefit, it is probably worth noting that this court has the authority to resolve disputes between parties only under limited circumstances. The two most common bases for federal jurisdiction involve: (1) disputes between citizens of different states, when the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332; and (2) disputes that involve claims under either a federal statute or the United States Constitution, see 28 U.S.C. § 1331. Here, the complaint does not describe facts which might support the exercise of federal jurisdiction under either of those statutes. Mr. Chandler and defendant both appear to be citizens of New Hampshire, so the court's diversity jurisdiction would not seem to be implicated. And, the claims arguably raised in Chandler's complaint appear to be based on New Hampshire law, rather than any federal law. If that is, indeed, the case, the proper forum for Chandler's claims is likely the New Hampshire state court system, rather than the federal district court.[1]

---

[1] There is some suggestion that Chandler may have already brought an action against Ossipee Mountain Estates in state court. See Complaint (document no. 1) at 1 ("This case is being filed in federal court due to the fact that [the] District Court has ruled against me in the facts set forth above."). But, the court need not speculate on whether any future state court claims relating to the foreclosure and/or eviction would be barred by principles of res judicata or estoppel.

## Conclusion

The complaint, as drafted, fails to state a viable cause of action - that is to say, it does not describe why the defendant's conduct was wrongful or unlawful.  It also fails to invoke this court's subject matter jurisdiction.  Mr. Chandler may file an amended complaint within thirty (30) days of the date of this order that: (1) sets forth the essential elements of one or more viable claims; and (2) properly invokes this court's subject matter jurisdiction.  If Chandler fails to file such an amended complaint within 30 days, the case will be dismissed, albeit without prejudice.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 21, 2014

cc:  Bradford Chandler, pro se

3